# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1710V
UNPUBLISHED

| | |
|---|---|
| NANCY DUBROW,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 18, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Amanda Pasciuto, U.S. Department of Justice, Washington, DC,* for Respondent.

### **RULING ON ENTITLEMENT**[1]

On November 30, 2020, Nany Dubrow filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) after receiving an influenza (flu) vaccination on September 29, 2019. Petition at 1. Petitioner further alleges that the vaccination was administered within the United States, her injuries have lasted more than six months, and she has never filed a civil action for her vaccination-related injuries. Petition at 1, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 25, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent found that Petitioner "has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for SIRVA." *Id.* at 6. Specifically, Respondent determined that "[P]etitioner had no history of pain, inflammation, or dysfunction in her left shoulder; her pain and reduced range of motion occurred within forty-eight hours of receipt of an intramuscular vaccination; her symptoms were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her initial symptoms." *Id.* Respondent further agrees that the scope of damages to be awarded is limited to petitioner's SIRVA and its related sequelae only. *Id.* at 7.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master